# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRENDA GILLIARD and CARL GILLIARD,

    Plaintiffs,

v.

WAL-MART STORES, INC.; DOES 1 through 10, inclusive,

    Defendants.

Case No. 2:07-CV-00245-KJD-GWF

**ORDER**

    Presently before the Court is Plaintiffs' Motion to Remand (#8) filed March 16, 2007. Defendant filed a Response in opposition (#10), to which Plaintiff filed a Reply (#13).

**I. Procedural History**

    On April 3, 2006, Plaintiffs filed a Complaint against Defendant Wal-Mart Stores, Inc., ("Wal-Mart Stores") alleging negligence and seeking a judgment for (1) compensatory damages in excess of $10,000; (2) interest from the time of service of the Complaint, as allowed by N.R.S. 17.130; (3) costs of suit and attorney fees; and (4) such further relief as the Court finds just and equitable. Defendant Wal-Mart Stores answered the Complaint on April 24, 2006. On May 16,

2006, Plaintiffs filed a request for exemption from the district court's mandatory non-binding arbitration program on the grounds that pursuant to Nevada Arbitration Rules 3 and 5, the present case involves an amount in issue in excess of $50,000.00, exclusive of interest and costs.  The request for exemption was granted by the Arbitration Commissioner on June 5, 2006.  On July 26, 2006, counsel for both parties attended an Early Case Conference, and on February 27, 2007, Defendant Wal-Mart Stores sent a Notice of Removal based on diversity jurisdiction under 28 U.S.C. § 1332 and pursuant to 28 U.S.C. § 1441.

**II. Analysis**

Plaintiffs argue in their Motion to Remand that at the Early Case Conference they demonstrated Plaintiffs' past medical expenses of up to $28,632.96.  They further allege that "Dr. Michael Prater and Dr. Daniel E. Batlan had both recommended future medical treatments in their reports including selective nerve root blocks, lumbar facet joint injections, MRI's, epidurals, and physical therapy."  (Pls.' Mot. to Remand at 3–4).  Plaintiffs conclude that due to the recommendations for future medical treatment together with Plaintiffs' past medical expenses, Defendant should have "been able to discern that the amount in controversy would exceed $75,000." Id. at 3.  In opposition, Defendant contends that it was unable to ascertain that the amount in controversy actually exceeded $75,000 until the deposition testimony of Brenda Gilliard on February 1, 2007, when she disclosed an eleven-month wage loss claim.

The amount in controversy requirements for federal jurisdiction are laid out in 28 U.S.C. § 1332(a), and require that the matter in controversy exceed the sum value of $75,000, exclusive of interests and costs.  Generally, a notice of removal of a civil action, must be filed,

> within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days afer the service of summons upon the defendant if such pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). When the case is not initially removable, but becomes so at a later date,

> a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Id.

The Ninth Circuit has defined three scenarios for removal in a diversity case, (1) when a case is clearly removable on the face of the complaint, (2) when a case is clearly not removable from the face of the complaint, and (3) when it is unclear from the complaint whether the case is removable. Harris v. Bankers Life and Casualty Co., 425 F.3d 689, 693 (9th Cir. 2005). In Harris, as here, the question before the court involved the third scenario (an indeterminate complaint), and specifically, whether, under 28 U.S.C. § 1446(b), the "burden lies with the defendant to investigate the necessary jurisdictional facts within the first thirty days of receiving an indeterminate complaint, or whether the determination be limited to the face of the initial pleading." Id. While noting that various courts are divided on the issue, the court pointed out that, "every circuit court to consider the question has rejected the duty to investigate approach." Id.

**A. "On the Face"**

In Harris, the Ninth Circuit adopted the Fourth Circuit's reasoning in Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997), that a "case stated by the initial pleading is not [initially] removable" when the ground for removal is not apparent *on the face* of the initial pleading:

3

> [W]e conclude that only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstances make the case "*stated* by the initial pleading" not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal . . . .
>
> Thus, the statute [28 U.S.C. Section 1446(b)] expressly encompasses the case in which the actual facts supporting federal jurisdiction remain unaltered from the initial pleading, but their existence has been *manifested* only by later papers, revealing the grounds for removal for the first time.

Harris, 425 F.3d at 694–695 (citing Lovern, 121 F.3d at 162). Nevertheless, when the grounds for removal later become evident, the defendant has 30 days from such revelation to request removal.

**B. Duty to Investigate**

Plaintiffs' original Complaint against Defendant Wal-Mart Stores was filed on April 3, 2006. There, Plaintiffs sought a judgment which, it can be fairly argued, did not clearly establish the likelihood of federal jurisdiction. In line with the Ninth Circuit's holding in Harris, the Court finds that without a clear indication of possible federal jurisdiction, there was no duty incumbent upon Defendant to glean clues from the documents in his possession which may have lead him to a different conclusion. 425 F.3d at 689. In Harris, the Ninth Circuit clarified its holding in Cantrell v. Great Republic Ins. Co., 873 F.2d 1249 (9th Cir. 1989), and repudiated the notion that a further duty to investigate may arise in such circumstances. Harris, 425 F.3d at 689. The court stated,

> *Moore's Federal Practice* cites to Cantrell as an example of a case that held there was a duty to investigate grounds for removal where the initial pleading failed to list a federal cause of action. . . . Unlike *Moore's* . . . we do not read Cantrell as imposing a duty upon a defendant to investigate within the first thirty days of receiving an indeterminate complaint.

4

Harris, 425 F.3d at 694 n.4.  The Ninth Circuit continued in Harris, stating that "an objective baseline rule avoids the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry."  Id. at 690.  Citing Soto v. Apple Towing, approvingly, the Ninth Circuit adopted the District Court for the Eastern District of New York's holding that "there is no requirement in 28 U.S.C. Section 1446(b) that a defendant exercise a duty to investigate, and this Court will not read into the statute such a condition."  111 F. Supp. 2d 222, 226 (E.D.N.Y. 2000).

Plaintiffs argue that because the Exemption from Arbitration showed an amount in issue of at least $50,000, with costs still outstanding, that Defendant should have "*been able to discern* that the amount in controversy would exceed $75,000."  (Pls.' Mot. to Remand at 3)(emphasis added).  This assertion is errant, however, since the amount in issue did not clearly exceed $75,000 and Defendant had no duty to investigate further.  The Court agrees with Defendant Wal-Mart Stores that it was not clearly ascertainable the amount in controversy would exceed $75,000 until the deposition of Brenda Gilliard, on February 1, 2007, where it was disclosed for the first time that Plaintiff was making an eleven-month wage loss claim.

### C. Defendant's Subjective Knowledge

Plaintiffs also cite the probability that Defendant subjectively knew the amount in controversy exceeded $75,000 as a ground for their Request to Remand.  However, the Court has established that an amount in controversy exceeding $75,000 was not evident from the face of the documents cited by Plaintiff.   It is also clear that Defendant had no affirmative duty to investigate further.  Remaining, then, is Plaintiffs' claim that Defendant must have been aware of the likelihood

of a judgment exceeding $75,000 in light of the facts available to him.  As touched on above, in Harris, the Ninth Circuit addressed precisely this issue, in adopting the Fourth Circuit's reasoning. 425 F.3d 689.  The Harris court stated,

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

Id. at 695 (citing Lovern, 121 F.3d at 162).  It follows that Plaintiffs' reliance upon Defendant's subjective knowledge provides no ground for this Court's ruling on the present Motion.  We are constrained by the Ninth Circuit's analysis in Harris to consider the four corners of the applicable pleadings and not Defendant's subjective knowledge or any suggestion of duty to make a further inquiry.

**III. Conclusion**

Accordingly, it is hereby ordered that Plaintiffs' Motion to Remand (#8) is **DENIED**.

DATED this 15th day of May, 2007.

_____
Kent J. Dawson
United States District Judge